[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiffs-appellants, Jesse Carradine, Mitchell Brantley, and Johnny A. Chichester, appeal the judgment of the Hamilton County Court of Common Pleas granting the motion to dismiss filed by the defendant-appellee, City of Cincinnati, Department of Public Works ("city"), in a case challenging the appellants' termination from employment under R.C. 124.34. For the following reasons, we affirm the judgment in part, reverse it in part, and remand the cause for further proceedings.
The appellants were employees of the city, working as sanitation workers in the Department of Public Works. In May 2000, each of the appellants entered a guilty plea to one count of forgery, a felony of the fifth degree. Following pre-termination hearings, each of the appellants was terminated from employment, pursuant to R.C. 124.34, as a result of the convictions. After the city's civil service commission held that R.C. 124.34 provided no right to an administrative appeal, the appellants filed an action in the common pleas court. In their complaint, the appellants alleged that R.C. 124.34 was unconstitutional, and that the city had selectively enforced the statute against African-Americans in violation of R.C. 4112.02 and 4112.99.
The city filed an answer to the complaint and, on August 3, 2001, filed a motion to dismiss the action. The trial court granted the motion to dismiss the complaint in its entirety, and the appellants filed this appeal.
In a single assignment of error, the appellants argue that the trial court erred in granting the motion to dismiss. A motion for a judgment on the pleadings pursuant to Civ.R. 12(C)[1] is to be granted only if the plaintiff can prove no set of facts that would entitle him to relief.[2]
In the case at bar, we find no error in the trial court's granting of the motion with respect to the constitutionality of R.C. 124.34. The statute provides, in part, that "[a] person convicted of a felony immediately forfeits the person's status as a classified employee in any public employment on and after the date of conviction for the felony." It further provides that "[a]n officer or employee may not appeal to * * * the [civil service] commission any disciplinary action taken by an appointing authority as a result of the officer's or employee's conviction of a felony." The appellants argue that the lack of a hearing concerning their termination deprived them of their procedural due-process rights.
We find no merit in this argument. Although the appellants argue that they had no opportunity for a hearing on the forfeiture of their employment, this contention is belied by the allegation in the appellants' complaint. As the appellants themselves alleged, they were afforded pre-termination hearings and thus were given an opportunity to respond to the allegations that they had been convicted of felonies. These hearings were sufficient to protect the appellants' asserted property interests in continued employment.[3]
Moreover, nothing in the complaint indicates that the appellants were accorded less than the full panoply of rights accorded to criminal defendants with respect to the forgery convictions. Therefore, the appellants do not claim that they were wrongfully convicted, or that any procedural irregularity in the criminal proceedings rendered their terminations improper. We find no merit in the argument that the R.C.124.34, as applied to the appellants, deprived them of their due-process rights, and we affirm that portion of the trial court's judgment rejecting the appellants' due-process claim.
Nonetheless, we do find persuasive the appellants' argument that the trial court erred in dismissing the count of their complaint relating to the alleged selective enforcement of R.C. 124.34. In their complaint, the appellants alleged that "Carradine, Brantley and Chichester are Afro-Americans. They are the only Public Works employees who have been terminated pursuant to [R.C. 124.34] * * *. Public Works has selectively enforced [R.C. 124.34] against Carradine, Brantley and Chichester, while ignoring similar violations by Caucasian employees." Although we express no opinion on the merits of this claim, we agree with the appellants that the allegations, if true, provide a basis for relief under R.C. 4112.02, which prohibits discrimination in employment decisions on the basis of race.[4] Under these circumstances, the dismissal of the claim under Civ.R. 12 was erroneous.
The judgment of the trial court is affirmed in part and reversed in part, and the cause is remanded solely on the appellants' claims that the city had discriminatorily enforced the termination provisions of R.C.124.34.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Sundermann, JJ.
[1] The appellants argue that the trial court erroneously decided the case under Civ.R. 12(B)(6), because the city had filed an answer to the complaint. As the appellants concede, though, the standard for the granting of a motion under Civ.R. 12(C) and Civ.R. 12(B)(6) is the same, rendering harmless any error in that regard.
[2] Flanagan v. Williams (1993), 87 Ohio App.3d 768, 772, 623 N.E.2d 185,188.
[3] See Long v. Denerll (May 26, 2000), 6th Dist. No. WD-99-024, citingCleveland Bd. of Educ. V. Loudermill (1984), 470 U.S. 532,105 S.Ct. 1487. In holding that the pre-termination hearings were sufficient to satisfy due process, we reject the appellants' argument that R.C. 124.34
unconstitutionally denied them the right to appeal to the civil service commission. Also, the claim that the city violated the appellants' rights under their collective bargaining agreement is untenable in light of the language of R.C. 124.34 itself, which provides that the statute preempts any contrary provision of a collective bargaining agreement.
[4] We reject the city's argument that, because R.C. 124.34 provided for the automatic forfeiture of employment for a felony conviction, the city had no discretion in determining whom to terminate. The forfeiture provisions of R.C. 124.34 were not self-executing, and the appellants' allegations that the city had implemented the statute only with respect to African-Americans were sufficient to withstand a motion to dismiss.